IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

M.M., A CHILD,

      Petitioner,

v.

CODY WOOD,
SUPERINTENDENT LEON
REGIONAL JUVENILE
DETENTION CENTER,

      Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3954

Opinion filed January 6, 2015.

Petition for Writ of Habeas Corpus -- Original Jurisdiction.

M. Blair Payne, Public Defender, and Elizabeth A. Rosado, Assistant Public Defender, Live Oak, for Petitioner.

Pamela Jo Bondi, Attorney General; David Campbell and Virginia Harris, Assistant Attorneys General, Tallahassee, for Respondent.

PER CURIAM.

      Alleging that she was unlawfully held in postdisposition secure detention beyond the time authorized by law, M.M. petitions the court for habeas corpus relief.

She argues that pursuant to section 985.27(1)(a), Florida Statutes (2014), a child such as her who is placed in secure detention awaiting placement in a nonsecure residential program "must be removed from detention within 5 days, excluding Saturdays, Sundays, and legal holidays." [1] Petitioner alleges that her statutory right to removal vested after five days passed without a motion from the Department of Juvenile Justice to extend her secure detention. Although the State eventually sought and secured an order extending her detention beyond the initial five-day period, it did so eleven days after her initial commitment.

The language of the statute unmistakably requires that a child "must be removed from detention within 5 days" where the Department of Juvenile Justice has not sought an order authorizing continued detention. Here, M.M.'s detention should not have continued past day 5, to day 6 and beyond, in the absence of the Department seeking such an order. But, at this point, M.M. also acknowledges that she is no longer in

---

[1] In relevant part, section 985.27(1)(a), Florida Statutes (2014), provides as follows:

> A child who is awaiting placement in a nonsecure residential program must be removed from detention within 5 days, excluding Saturdays, Sundays, and legal holidays. Any child held in secure detention during the 5 days must meet detention admission criteria under this part. The department may seek an order from the court authorizing continued detention for a specific period of time necessary for the appropriate residential placement of the child. However, such continued detention in secure detention care may not exceed 15 days after entry of the commitment order, excluding Saturdays, Sundays, and legal holidays, and except as otherwise provided in this section.

detention care.  She urges that we nonetheless entertain the merits of her claim because despite its mootness, the issue she presents is capable of repetition yet might evade review.  See generally State v. S.M., 131 So. 3d 780 (Fla. 2013) (recognizing that a court has jurisdiction to consider the merits of a moot case where the situation presented is capable of repetition but would evade review).  Petitioner concedes, however, that the claim she raises is a matter of first impression, and we conclude that while the issue may conceivably recur, it will not necessarily evade review if it does so.  We therefore decline to exercise our jurisdiction to address a question that has been rendered moot by petitioner's release from secure detention.

Accordingly, the petition for writ of habeas corpus is DISMISSED as moot.

LEWIS, C.J., THOMAS and OSTERHAUS, JJ., CONCUR.